IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN



| | | |
|---|---|---|
| **PRAMCO II, L.L.C.** | : | CIVIL ACTION |
| v. | : | NO. 2001/168 |
| **CARIBBEAN CAVIAR CORP, et al.** | : | |

## MEMORANDUM AND ORDER

Kauffman, J. (Sitting By Designation)                                March 13, 2009

Now before the Court are the Second Motion for Summary Judgment filed by Plaintiff Pramco II, L.L.C. (the "Pramco Motion") and the Second Motion for Summary Judgment filed by Defendant Jose Lavilla (the "Lavilla Motion"). For the reasons discussed below, the Pramco Motion will be granted, and the Lavilla Motion will be denied.

## I. BACKGROUND

This case arises as a result of a loan default by Defendant Caribbean Caviar Corporation ("CCC").[1] On April 19, 1990, CCC obtained a $500,000 disaster loan ("the Note") from the United States Small Business Administration ("SBA"). The Note was secured in part by the personal guaranty of Defendant Jose Lavilla ("Lavilla"), who held a 35% interest in CCC. Under the terms the Guaranty, Lavilla agreed that if the obligations under the Note were not met when

---

[1]    This Memorandum contains only an abbreviated statement of the facts found by the Honorable Raymond L. Finch. For a more detailed recitation, see Pramco II, L.L.C. v. Caribbean Caviar Corporation, et al., No. 2001/168 (D.V.I. Dec. 5, 2005) (docket no. 189) and Pramco II, L.L.C. v. Caribbean Caviar Corporation, et al., No. 2001/168 (D.V.I. Dec. 12, 2005) (docket no. 193).

due, he would, upon written demand of the SBA, pay the amount due, without the SBA having to pursue its rights against CCC. CCC defaulted on October 19, 1993.

On July 13, 1994, the SBA issued an internal memorandum recommending acceleration of the loan for lack of payment, but failed to notify any other party at the time. On February 10, 1995, the SBA wrote to CCC stating the amount due and that the loan would be referred for legal action within ten days. In 1997, the SBA began demanding, and receiving, partial payments from various other guarantors of the Note, including Gerhard Hofmann and Michael Ball. On February 2, 1999, almost six years after CCC defaulted on the Note, the SBA sent Lavilla a written demand pursuant to the Guaranty for $290,921.68.

In January 2001, Plaintiff Pramco II, L.L.C. ("Pramco") purchased the Note from the SBA.[2] On September 12, 2001, Pramco filed a Complaint against CCC, Jose Lavilla, and Nhon Truong, another guarantor who subsequently declared bankruptcy. Pramco then moved for summary judgment against Lavilla. Lavilla filed a cross-motion for summary judgment, arguing that (1) any action on the Guaranty was barred by the statute of limitations; (2) any action on the Guaranty was barred by an unreasonable delay in demanding payment under the Guaranty; and (3) the SBA's willful waste of the collateral defeated its assignee's action on the Guaranty.

In a December 5, 2005 Memorandum Opinion, the Honorable Raymond L. Finch found: (1) Pramco's action on the Guaranty is not barred by the six-year statute of limitations because Pramco filed suit on the Guaranty less than three years after the SBA first made a written demand upon Lavilla; (2) considering the actions that the SBA had taken before it made its demand on Lavilla, there is a genuine issue of material fact as to whether the delay between CCC's default

---

[2] The SBA assigned Pramco its right, title, and interest in the Note.

on the Note and the SBA's demand on Lavilla was unreasonable; and (3) Lavilla could not prove that he was released from his obligations on the Guaranty as a result of the SBA willfully causing the deterioration, waste, or loss of any collateral securing the loan. On March 31, 2008, the matter was transferred to the calendar of this Court.

On July 1, 2008, Pramco filed its Second Motion for Summary Judgment on what it claims is "the only remaining unresolved issue in this litigation - Defendant Jose Lavilla's affirmative defense of laches." Pramco Mot. 1. On July 31, 2008, Lavilla cross-filed his Second Motion for Summary Judgment, claiming: (1) Pramco is not a valid holder of the Note and has no standing to demand payment under the Guaranty; (2) Pramco did not provide notice of acceleration on the Guaranty; (3) Pramco's action on the Guaranty is barred by the statute of limitations; and (4) Pramco's action on the Guaranty is barred due to unreasonable delay.

## II. LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

## III. ANALYSIS

### A.    The Pramco Motion

Pramco moves for summary judgment on Lavilla's equitable defense of laches. Laches is an equitable doctrine which bars a party from bringing an action when it has failed to exercise due diligence in prosecuting its claim to the detriment of the other party. See Prison Health Servs. v. Umar, 2002 U.S. Dist. LEXIS 12288, at *67-68 (E.D. Pa. July 2, 2002). However, "laches is a doctrine that applies only in equity to bar equitable actions, not at law to bar legal actions." Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001); see also Guardian Music Corp. v. James W. Guercio Enters., 459 F. Supp. 2d 216, 223 (S.D.N.Y. 2006) ("Laches is a defense against claims in equity, not claims at law, such as damages for non-performance of a contract." (citing United States v. Gordon, 78 F.3d 781, 786 (2d Cir. 1996)). Because Pramco's action on the Lavilla Guaranty is a claim at law, Pramco's motion for

summary judgment on Lavilla's equitable defense of laches will be granted.[3]

**B.     The Lavilla Motion**

   **1.     Pramco's alleged lack of standing as Note holder**

Lavilla asserts that Pramco is not a valid holder of the SBA Note because the Note is neither payable to bearer, nor endorsed by the SBA, and therefore summary judgment should be granted in his favor. However, the Note provides in part:

> The purchaser, assignee, transferee, or pledge of this Note, . . . any guaranty, and any other document, sold, assigned, [or] transferred, . . . shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note and all application of the undersigned to Holder or SBA, as if said purchaser, assignee, transferee, or pledge were originally named as Payee in this Note and in said application or applications.

SBA Note, attached to Pramco Resp. at Ex. D. The SBA assigned the Note to Pramco pursuant to an assignment agreement. See Assignment and Assumption Agreement, attached to Pramco Resp. at Ex. F. Because endorsement is not required pursuant to the terms of the Note, and because the SBA assigned the Note to Pramco, Pramco is the valid holder. Therefore, summary judgment on this ground will be denied.

   **2.     Notice of acceleration**

Lavilla asserts that Pramco is not entitled to recover on his Guaranty because he never received notice of acceleration. However, the record includes a letter dated February 2, 1999 from the SBA to Lavilla providing notice of acceleration. Lavilla denies that he ever received this letter. In any event, Lavilla was at the latest placed on notice of Pramco's intention to accelerate when it filed suit against him on September 12, 2001. See United States v. Boozer,

---

   [3]    Moreover, in his Memorandum Order dated December 5, 2005, Judge Finch recognized the inapplicability of the laches defense to the current dispute.

732 F. Supp. 20, 22-23 (N.D.N.Y. 1990) ("[T]he initiation of suit constituted a notice of election to accelerate"). Therefore, summary judgment on this ground will be denied.

### 3. Statute of limitations

Lavilla asserts that summary judgment should be granted because Pramco's claim is barred by the statute of limitations. Lavilla Resp. 5. The current motion marks the third time Lavilla has made this same argument. In his Memorandum Order dated December 5, 2005, Judge Finch found that the suit was timely filed after the SBA accelerated the Guaranty. Lavilla subsequently filed a motion for reconsideration citing UMLIC VP LLC v. Matthias, 364 F.3d 125 (3d Cir. 2004), and Bank of Nova Scotia v. St. Croix Drive-In Theatre, Inc., 552 F. Supp. 1244 (D.V.I. 1982), in support of his position. See Lavilla Reply to Lavilla Mot. to Amend or Alter Order (Jan. 9, 2006). In an Order dated February 6, 2006, Judge Finch rejected this argument. Because Lavilla is again challenging Judge Finch's previous rulings, the Court will consider this another motion for reconsideration.

The purpose of a motion for reconsideration "is to correct manifest errors of law or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). A motion for reconsideration filed in the District of the Virgin Islands "shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on: 1.

intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." D.V.I. Loc. R. Civ. P. Rule 7.3. Over two years after Judge Finch denied his first motion for reconsideration, Lavilla presents the Court with the same case law and arguments again. Therefore, summary judgment on this ground will be denied.

### 4. Unreasonable delay

Lavilla asserts that summary judgment should be granted because the SBA and Pramco unreasonably delayed in providing notice of acceleration on the Lavilla Guaranty, thus unreasonably delaying the commencement of the statute of limitations period. Pursuant to 28 U.S.C. § 2415, the government has six years from the time a right of action accrues to file a contract suit.[4] A right of action accrues when the government first makes a demand for payment in full in the form of a notice of acceleration. See Gordon, 78 F.3d at 784. However, the government is barred from "forestalling commencement of the limitation period by inordinately failing to make demand for payment necessary to allow [its] cause of action to accrue." Id. at 787 (citations omitted). "Absent special circumstances, we generally measure a reasonable time for demand by the period of limitation for bringing suit. Thus, a delay between default and demand that does not exceed the applicable limitations period is ordinarily regarded as reasonable." Id. at 786 (citations omitted).

Lavilla initially raised his unreasonable delay defense in his first summary judgment motion. In his December 5, 2005 Memorandum Opinion, Judge Finch concluded that Pramco's right of action accrued when the SBA sent Lavilla a notice of acceleration on the Guaranty in

---

[4] The federal limitations period applies to Pramco as SBA's assignee. See UMLIC VP LLC v. Matthias, 364 F.3d 125, 131 (3d Cir. 2004).

1999—a delay of less than six years after CCC defaulted on the Note. Although the time between default and demand was less than the six year statute of limitations period, Judge Finch held that in consideration of the SBA's actions during the almost six years prior to making the demand on Lavilla, there is a genuine issue of material fact as to whether SBA's delay was unreasonable. In the instant Motion, Lavilla presents new evidence, in the form of a photocopy of an envelope marked "return to sender." Lavilla claims that the SBA's attempt to provide notice of acceleration on February 2, 1999 was unsuccessful, and thus he did not receive notice of acceleration until 2001 when Pramco filed suit. Lavilla argues that summary judgment is warranted because the more than six year period between CCC's default and his alternative date of demand constitutes unreasonable delay as a matter of law.

However, a single blurry photocopy of an envelope from the SBA to Lavilla marked "return to sender" is insufficient to establish that Lavilla did not receive notice of acceleration in 1999. The envelope's dates are illegible. While the envelope is addressed from the SBA to Lavilla, there is no evidence in the record that establishes that this envelope included the SBA's notice of acceleration, as opposed to any other materials sent by the SBA. As the Supreme Court has explained, the party seeking summary judgment must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Federal Rule of Civil Procedure 56(c)). Lavilla fails to identify any part of the record that does so. Because evidence of a photocopy of an envelope marked "return to sender" is inconclusive on this issue, Lavilla's motion for summary judgment is denied.

## IV. CONCLUSION

For the reasons discussed above, the Pramco Motion will be granted, and the Lavilla Motion will denied. An appropriate Order follows.